

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-92,519-01

### EX PARTE JD ROSS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-18-0542-E-WHC1 IN THE 453RD DISTRICT COURT
### FROM HAYS COUNTY

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty to engaging in organized criminal activity and was sentenced to twenty-two years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel gave him erroneous advice regarding parole eligibility. Applicant alleges that had he known that he would not be eligible for parole until he had served half of his sentence, he would not have pleaded guilty but would have insisted on going to trial on the charges. Based on the record, the trial court has determined that Applicant's plea was involuntary because trial counsel erroneously advised him

that the conviction for engaging in organized criminal activity would not require Applicant to serve half of his sentence before becoming eligible for parole. *Ex parte Moussazadeh*, 361 S.W.3d 684, 691 (Tex. Crim. App. 2012).

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number CR-18-0542 in the 453rd District Court of Hays County is set aside, and Applicant is remanded to the custody of the Sheriff of Hays County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: July 27, 2022
Do not publish